```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

JOSHUA A.C. SIGLER,

       Plaintiff,

vs.                                 No. 06-2503-B/P

SYLVIA AKIN, et al.,

       Defendants.

---

ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER DENYING MOTION FOR CHANGE OF VENUE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff, Joshua A.C. Sigler, a resident of Cleveland, Tennessee, who was formerly confined in the custody of the Tennessee Department of Corrections ("TDOC") at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. §§ 1983, along with an application to proceed in forma pauperis and motion for appointment of counsel. The application to proceed in forma pauperis is GRANTED. The Clerk shall docket the case and record the defendants as Sylvia Akin, Tony Parker, and the State of Tennessee.[1]

---

[1] Plaintiff named the Tennessee Department of Correction ("TDOC") as a defendant. A state department is not a suable entity. Therefore the Court construes the complaint to name the State of Tennessee as the defendant. See Hafer v. Melo, 502 U.S. (1991).

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06. In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help.")  Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim.  See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").  As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir.

1989).[2]  The Court concludes that an appointment of counsel is not warranted. Plaintiff's complaint is to be dismissed; therefore his motion for appointment of counsel is DENIED.

On October 31, 2006, Plaintiff filed a motion for change of venue based upon his release from prison and his residency in the Middle District of Tennessee.  Defendants in this case are WTSP Records Manager Sylvia Akin, WTSP Warden Tony Parker, and the State of Tennessee.  Twenty-eight § 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Id.

The majority of Defendants in this case are found in the Western District of Tennessee and Plaintiff has alleged that the clerical error giving rise to his claim occurred in the Western District of Tennessee.  Plaintiff's motion for a change of venue is DENIED.

Sigler seeks money damages for his TDOC confinement after the expiration of his sentence.  This Court is authorized to dismiss pro se complaints, or any portion thereof, if the action--

---

[2] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief can be granted; or
>
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b). Plaintiff's complaint is subject to dismissal in its entirety.

Plaintiff's claims against the State of Tennessee are barred by sovereign immunity. Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst State Schl. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979). A state is not a person within the meaning of 42 U.S.C. § 1983. Will v. Michigan, 491 U.S. 58, 71 (1989).

The complaint contains no allegations regarding any action taken by Warden Parker. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985). Furthermore, there is no respondeat superior liability under 1983. Monell, 436 U.S. at 691; Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)(liability under § 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct). It is clear from the face of the complaint, even construed liberally

under Haines v. Kerner, 404 U.S. 519 (1972), that Plaintiff relies entirely on the supervisory capacity of the Warden over Defendant Records Manager as the sole basis for any claim that he violated Plaintiff's rights.

Furthermore, to the extent that Sigler seeks review by this Court of the substantive decision regarding his release, he is essentially seeking a determination that he should not have been in prison so long. For a state prisoner who challenges "the very fact or duration of his physical imprisonment and [who] seeks . . . immediate release or a speedier release from that imprisonment, [the] sole federal remedy is a writ of habeas corpus." Hadley v. Werner, 753 F.2d 514, 516 (6th Cir. 1985)(quoting Preiser v. Rodriguez, 411 U.S. 474, 500 (1973)). Sigler seeks relief that is only available through a habeas petition, not under section 1983.[3]

Plaintiff cannot maintain an action under § 1983 based upon the refusal of Defendants to order his release. In order to recover damages under § 1983, Plaintiff must first overturn his underlying criminal conviction:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

---

[3] Although Plaintiff could challenge the delay in his release in a petition pursuant to 28 U.S.C. § 2254, this Court declines to construe this action as a § 2254 petition. A habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. See 28 U.S.C. § 2254(b)(1); Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982); Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. There is no indication Plaintiff has exhausted his state remedies with respect to the denial of his parole. In particular, prisoners who are dissatisfied with a decision of the Tennessee Board of Probation and Parole may obtain judicial review through a petition for common-law writ of certiorari filed in the Davidson County Chancery Court. Beaucamp v. Tennessee Bd. of Paroles, 2001 WL 1545504, at *1 (Tenn. Ct. App. Dec. 5, 2001).

> conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted).

Sigler alleges that a decision by State or WTSP officials has resulted in his being detained when he should have been released. Clearly, Plaintiff seeks relief that hinges on a declaration by a federal court that state officials caused him to be confined too long under a valid state court judgment. Because Plaintiff cannot demonstrate that the state court order directing his confinement has been overturned, he cannot maintain a § 1983 action for damages.  Heck bars Plaintiff's claims arising from his continued confinement and he cannot pursue those claims until he has obtained a judicial adjudication that his confinement was unlawful.

Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted, seeks to sue a defendant that is immune from suit, and is, therefore, DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii).

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis.  Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in

forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint which fails to state a claim upon which relief may be granted has sufficient merit to support an appeal in forma pauperis. Accordingly, the same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

If Plaintiff files a notice of appeal, he must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[4] The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. See McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997); Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997). By filing a notice of appeal,

---

[4] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.

If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[5] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  McGore, 114 F.3d at 610.

IT IS SO ORDERED this 16th day of March, 2007.

                                  s/ J. DANIEL BREEN
                                  UNITED STATES DISTRICT JUDGE

---

[5] The district court may extend this deadline one time by thirty days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline.  McGore, 114 F.3d at 610.